IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CRUZ LOPEZ-ACEVEDO,

    Plaintiff,

vs.                                                                                                 No. 24-cv-1314-JCH-JFR

FNU LNU,

    Defendant.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Plaintiff Cruz Lopez-Acevedo's *pro se* Letter-Complaint Regarding Conditions of Confinement (Doc. 1) (Letter-Complaint). Also before the Court is his Motion to Appoint Counsel to Prosecute Complaint (Doc. 2). Plaintiff is incarcerated at FCI Safford in Safford, Arizona. *See* Doc. 1 at 7. The Letter-Complaint challenges his conditions of confinement in that facility. Plaintiff alleges that Arizona prison officials failed to provide adequate food, medical care, or dental services. *See* Doc. 1 at 1-2. He also alleges the Warden behaves in an unprofessional manner and that there are not enough guards to supervise the inmates. *Id.*

        Because Plaintiff is incarcerated, the Letter-Complaint is subject to *sua sponte* review before any Defendants are served. *See* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints involving government officials). As part of the initial review, courts may consider whether the claims were filed in the correct venue. *See Johnson v. Christopher*, 233 Fed. Appa's 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to evaluate the matter on screening). Section 1391 of Title 28 permits a civil action to be brought in:

(1) a judicial district in which any defendant resides …;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to … personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) is not met. All interested parties appear to reside in Arizona, and it is not clear this Court has personal jurisdiction over any Defendant. *See* 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). As to subsection (2), courts must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and determine whether "substantial events material to those claims occurred" in this district. *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010). Accepting the allegations as true, none of the alleged wrongdoing occurred in New Mexico. The claims all relate to Plaintiff's conditions of confinement in Arizona. Subsection (3) does not apply because Plaintiff can file an action in the United States District Court for the District of Arizona.

Where, as here, venue is improper, the Court may transfer the civil action to any other district "where it might have been brought." 28 U.S.C. § 1404(a). The following discretionary factors must weigh in favor of the transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict

of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). The transfer must also be in the interest of justice; otherwise, the matter should be dismissed without prejudice. Courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). *See also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the *Cline* factors to a venue transfer).

On balance, the above factors the favor a transfer, rather than dismissal. All alleged wrongdoing occurred in the District of Arizona; any Defendants/prison officials are located there; and any evidence would come from Arizona prison records or Arizona officials. The Court also finds no prejudice to any Defendants, as they have not yet been served or obtained counsel in New Mexico. The Court will therefore transfer this matter - including the Complaint and the pending Motion to Appoint Counsel to Prosecute Complaint - to the United States District Court for the District of Arizona.

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** all filings in this case to the United States District Court for the District of Arizona; and **CLOSE** the pending case in this Court.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3